## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES MEJIA and CHONA MEJIA, ) | 3:14-cv-00370-MMD-WGC |
| ) | |
| Plaintiffs, ) | **MINUTES OF THE COURT** |
| ) | |
| vs. ) | October 1, 2014 |
| ) | |
| ) | |
| WELLS FARGO BANK, N.A., et al., ) | |
| Defendants. ) | |
| _____ ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:               FTR

COUNSEL FOR PLAINTIFFS:  Chona Mejia, In Pro Per

COUNSEL FOR DEFENDANTS:  Robin E. Perkins (Telephonically)

**MINUTES OF PROCEEDINGS: Discovery Status Conference**

1:35 p.m.  Court convenes.

The court holds today's hearing to address several documents.

     The court first addresses Plaintiffs' notice titled "Notice of Violations of: Attorney Brian Reeve and Attorney Robin Perkins Pursuant to: LR 1A 10-6 LR 1A 3-1" (Doc. # 37).  The Plaintiffs' seeks sanctions against Defendant's counsel contending that the substitution of counsel between Mr. Reeve and Ms. Perkins is not compliant with the Local Rules.  The court explains to Ms. Mejia that the firm Snell & Wilmer continues to represent defendant Wells Fargo Bank, N.A. and the substitution of counsel does not implicate the Local Rules 1A 10-6 or LR 1A 3-1.  In view of the court's explanation, and to the extent Plaintiffs' notice (Doc. # 37) seeks sanctions against Defendant's counsel, the request is **DENIED**.

     Ms. Mejia is advised requests for sanctions are serious matters and are not taken lightly by the court.  The court counsels Ms. Mejia, stating further documents submitted in this matter should refer to more substantive issues rather than possible procedural deficiencies that can be easily corrected.

     The court next addresses Plaintiffs' "Motion to Enter Default Judgment Against Wells Fargo

MINUTES OF PROCEEDINGS
3:14-cv-00370-MMD-WGC
Date: October 1, 2014

Bank, N.A." (Doc. # 26) and similar request for default judgment in Plaintiff's "Notice" (Doc. # 32). The court explains to Ms. Mejia that the law requires a precondition before entry of a default judgment (Fed. R. Civ. P. 55(b)), which is a clerk's entry of default (Fed. R. Civ. P. 55(a)). Furthermore, the actual entry of a default will only occur if the defaulting party has failed to plead or otherwise defend the case.  In this particular matter, it is evident that defendant Wells Fargo, N.A. has made an appearance.  Defendant Wells Fargo Bank's "Motion to Dismiss" (Doc. # 14) constitutes as an appearance in this action and the court interprets the Defendant's motion to dismiss as an effort to defend the litigation.  Therefore, it is not appropriate for the court to enter a default against Wells Fargo, N.A. in this matter.  The court also briefly explains the judicial philosophy disfavoring defaults or default judgments because of the court's preference a case be litigated on its merits.

IT IS ORDERED Plaintiffs' motion for default (Doc. # 26), and to the extent Doc. # 32 requests a default judgment against Wells Fargo, N.A., are **DENIED**.  IT IS FURTHER ORDERED requests for attorney fees on these two items are **DENIED**.

The court next discusses the entry of a scheduling order.  It appears the parties have conferred regarding a proposed discovery plan as stated in defendant Wells Fargo Bank N.A.'s Individual Discovery Plan and Scheduling Order (Doc. # 36) but have not been able to agree on all terms of the discovery plan.  The court briefly addresses the language in paragraph 3(f) of the Defendant's individual discovery plan regarding claw-back agreement.  Defendant is advised the language pertains more to a protective order than a scheduling order.  Additionally, because the court is just now addressing discovery, it is appropriate for the deadlines in Defendant's individual discovery plan and scheduling be based from the date of this hearing.

Therefore, the court will not approve Wells Fargo Bank N.A.'s Individual Discovery Plan and Scheduling Order (Doc. # 36); however the following discovery deadlines are set forth:

Discovery Cut-Off Date: February 28, 2015;

Amending the Pleadings and Adding Parties: November 28, 2014;

Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):

(1) Disclosure of experts and expert reports: December 19, 2014;

(2) Disclosure of rebuttal experts and their reports: January 20, 2015;

Dispositive Motions: March 27, 2015;

MINUTES OF PROCEEDINGS
3:14-cv-00370-MMD-WGC
Date: October 1, 2014

>Joint Pretrial Order: April 27, 2015; in the event dispositive motion are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the court;

>Interim Status Report: December 15, 2014.

Ms. Perkins is directed to submit a proposed Joint Discovery Plan and Scheduling Order in accordance with the deadlines established by the court.

The court schedules a status conference for **Wednesday, December 17, 2014 at 10:00 a.m.** Pro Se litigants and Defendant's counsel wishing to appear telephonically shall dial 1-877-873-8017, enter the access code 3416460, and enter the security code 121514 approximately five (5) minutes prior to the hearing.

The court suggests the parties informally discuss the possibility of scheduling a court-assisted settlement conference. If the parties agree a settlement conference is appropriate, they shall file a stipulation requesting the case be referred to mediation.

2:06 p.m.  Court adjourns.

**IT IS SO ORDERED.**

>LANCE S. WILSON, CLERK
>
>By: _____/s/_____
>Katie Lynn Ogden, Deputy Clerk

3